1  Nicholas D. Kovarik, WSBA #35462
2  Email: nick@pyklawyers.com
   PISKEL YAHNE KOVARIK, PLLC
3  522 W. Riverside Ave., Suite 700
   Spokane, Washington 99201
4  509-321-5930 – Telephone
5  509-321-5935 – Facsimile

6  Attorney for Plaintiff David Weller

7

8              U.S. DISTRICT COURT
        EASTERN DISTRICT OF WASHINGTON
9

10 DAVID WELLER, Individually and      Case No.: 4:20-cv-5077
   For Others Similarly Situated.
11                                      **CLASS AND COLLECTIVE
              Plaintiffs,              ACTION COMPLAINT**
12        v.
                                        **JURY TRIAL DEMANDED**
13 RCS CORPORATION

14            Defendant.

15

16      Plaintiff David Weller (Weller) is informed and believes, and on that basis

17 alleges, as follows:

18
                          SUMMARY
19

20      1.    RCS Corporation (RCS) failed to pay Weller, and other workers like

21 him, overtime as required by the Fair Labor Standards Act (FLSA) and the Revised

22 Code of Washington, Chapter 49.46 *et seq.* (RCW), Washington's Minimum Wage Act

23 (WMWA), and any relevant regulations and/or rules adopted by the Washington

24

25 Director of Labor and Industries (collectively, "Washington Wage Laws").

26      2.    Instead, RCS pays Weller, and other workers like him, the same hourly

27
   rate for all hours worked, including those in excess of 40 in a workweek.
28

CLASS AND COLLECTIVE ACTION
COMPLAINT - 1

3.      RCS further failed to pay Weller, and other workers like him, for all rest breaks, meal breaks in violation of Washington Wage Laws.

4.      Weller brings this collective and class action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

## THE PARTIES

8.      Weller is an hourly employee of RCS. His written consent is attached as **Exhibit A**.

9.      Weller seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

10.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

CLASS AND COLLECTIVE ACTION
COMPLAINT - 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5900 / F 509.321.5935

**All hourly employees of RCS who were, at any point in the past 3 years, paid "straight time for overtime." (the "FLSA Class").**

11.    Weller also seeks certification of a class under Fed. R. Civ. P. 23 to remedy RCS's violations of the Washington Wage Laws.

12.    The class of similarly situated employees sought to be certified as a class action for the purposes of pursuing their Washington Wage Laws claims is defined as:

**All hourly employees of RCS who worked in Washington who were, at any point in the past 3 years, paid "straight time for overtime" (the "Washington Class").**

13.    Collectively, the FLSA Class Members and Washington Class Members are referred to as "Class Members."

14.    RCS is a South Carolina corporation with headquarters in Charlotte, North Carolina. RCS may be served with process by serving its registered agent: Karen A. Garcia, 11605 N. Community House Road, Suite 100, Charlotte, North Carolina 28277.

## Coverage Under the FLSA

15.    At all times hereinafter mentioned, RCS was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.    At all times hereinafter mentioned, RCS was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

CLASS AND COLLECTIVE ACTION
COMPLAINT - 3

17.    At all relevant times, RCS was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as computers, automobiles, and cell phones – because RCS is a staffing firm providing services to the energy, engineering, and utility industries throughout this country.

18.    At all relevant times, RCS had an annual gross volume of sales made in excess of $500,000.00.

19.    At all times hereinafter mentioned, Weller and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

20.    RCS is a nationwide staffing firm that provides services to the energy, engineering, and utility sectors.

21.    In order to provide these services, it employs individuals like Weller.

22.    Weller was an hourly employee of RCS.

23.    Weller was hired around August of 2016.

24.    Weller was a Maintenance Outage Coordinator and a Senior Scheduler for RCS.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 4



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5900 / F 509.321.5935

25.    RCS paid Weller by the hour.

26.    RCS paid Weller $100 per hour.

27.    Weller reports the hours he works to RCS on a regular basis.

28.    If Weller worked fewer than 40 hours in a week, he was only paid only for the hours he worked.

29.    But Weller regularly worked more than 40 hours in a week.

30.    Weller would sometimes work up to 72 hours in a week.

31.    The hours Weller worked are reflected in RCS's records.

32.    RCS paid Weller at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

33.    Rather than receiving time and half as required by the FLSA, Weller and the Putative Class Members only received "straight time" pay for overtime hours worked.

34.    This "straight time for overtime" payment scheme violates the FLSA and the Washington Wage Laws.

35.    Weller and the Putative Class Members were not paid for periods of inactivity during meal breaks and rest breaks.

36.    RCS has not paid Weller and the Putative Class Members the overtime they are owed, constituting waiting time.

37.    RCS was aware of the overtime requirements of the FLSA and Washington Wage Laws.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 5



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

38.    RCS nonetheless failed to pay certain hourly employees, such as Weller, overtime.

39.    RCS did not pay Weller and the Putative Class Members on a salary basis.

40.    RCS's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and the Washington Wage Laws.

## FLSA VIOLATIONS

41.    By failing to pay Weller and the FLSA Class Members overtime at one-and-one-half times their regular rates, RCS violated the FLSA's overtime provisions.

42.    RCS owes Weller and the FLSA Class Members the difference between the rate actually paid and the proper overtime rate.

43.    Any differences in job duties do not detract from the fact that these hourly workers are entitled to overtime pay.

44.    Because RCS knew, or showed reckless disregard for whether, its pay practices violated the FLSA, RCS owes these wages for at least the past three years.

45.    RCS is liable to Weller and the FLSA Class Members an amount equal to all unpaid overtime wages as liquidated damages.

46.    Weller and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 6

47.    The workers impacted by RCS's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### WASHINGTON WAGE LAW VIOLATIONS

48.    Weller realleges and reincorporates all allegations above as if incorporated herein.

49.    The foregoing conduct, as alleged, violate the Washington Wage Laws.

50.    At all relevant times, RCS has been, and continue to be, an "employer" within the meaning of the Washington Wage Laws.  At all relevant times, RCS employed "employee[s]," including Weller and the Washington Class, within the meaning of the Washington Wage Laws.

51.    RCW §49.52.070 provides that employers who violate Washington's minimum wage laws under the circumstances present in this case are liable for double the amount of wages improperly withheld.

52.    Pursuant to RCW §49.52.080, there exists a presumption of willfulness.

53.    The Washington Wage Laws require an employer, such as RCS to pay overtime compensation to all non-exempt employees. Weller and the Washington Class are not exempt from overtime pay requirements under the Washington Wage Laws.

54.    More specifically, the Washington Class members' claims are subject to the three-year statute of limitations applicable to the WMWA and implied contracts,

CLASS AND COLLECTIVE ACTION
COMPLAINT - 7

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

as provided under RCW § 4.16.080(3). *See e.g.*, *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 838, 991 P.2d 1126, 1134, opinion corrected on denial of reconsideration, 1 P.3d 578 (Wash. 2000); *Mitchell v. PEMCO Mut. Ins. Co.*, 134 Wash. App. 723, 737, 142 P.3d 623 (2006).

55.     At all relevant times, RCS had a policy and practice of failing and refusing to pay overtime pay to Weller for his hours worked in excess of forty hours per workweek.

56.     RCS violated Washington Wage Laws including, but not necessarily limited to, RCW, WMWA, by failing to pay the Washington Class on a salary basis.

57.     At all relevant times, RCS did not pay the Washington Class on a salary basis, so the Washington Class was not exempt under Wash. Admin. Code §296-128-510 (executive), Wash. Admin. Code §296-128-520 (administrative), Wash. Admin. Code §296-128-530 (professional), and Wash. Admin. Code §296-128-532 (salary basis and deductions).

58.     With regards to the Washington Class Members, RCS did not comply with Washington Admin. Code §296-126-092(4) which provides: "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time."

59.     At all relevant times, RCS willfully failed and refused, and continues to willfully fail and refuse, to pay Weller and the Washington Class Members the amounts owed. Specifically, RCS claws back all hourly advances not paid for

CLASS AND COLLECTIVE ACTION
COMPLAINT - 8

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

rest/meal break time. This conduct violates Washington Wage Laws as alleged in this cause of action.

60.    RCS has denied Weller and the Washington Class wages and benefits of employment, including contractual vacation pay, as alleged herein. RCS's deduction of Weller and the Washington Class members vacation pay for wages results in depriving Weller and Washington Class members of their vacation pay, in violation of RCW §49.52.050. RCS is, therefore, liable to Weller and the Washington Class for all such vacation pay and other improperly deducted or rebated wages or earnings, and double damages, under RCW §49.52.070.

61.    Weller and the Washington Class seek recovery of attorneys' fees, costs, and expenses of this action to be paid by RCS.

62.    Weller and the Washington Class seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

63.    RCS's illegal "straight time for overtime" policy extends beyond Weller.

64.    It is the "straight time for overtime" payment plan that violates the FLSA and Washington Wage Laws in this collective and class action.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 9

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

65.    RCS pays numerous of hourly employees according to the same unlawful scheme.

66.    Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

67.    Weller and the Class Members impacted by RCS's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

68.    RCS has accurate records of the wages paid to its hourly workers.

69.    The Class Members are geographically disbursed, residing, and working in states across the country.

70.    Weller's experiences are typical of the experiences of all Class Members.

71.    Weller has no interests contrary to, or in conflict with, the members of the Class Members. Like each member of the proposed classes, Weller has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

72.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

73.    Absent this action, many members of the FLSA Class and Washington Class likely will not obtain redress of their injuries and RCS will retain the proceeds of their violations of the FLSA and Washington Wage Laws.

74.    Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial

CLASS AND COLLECTIVE ACTION
COMPLAINT - 10

economy and parity among the claims of individual members of the classes and provide for judicial consistency.

75.     The questions of law and facts common to each of the FLSA and Washington Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.     Whether RCS employed the FLSA and Washington Class Members within the meaning of the FLSA and Washington Wage Laws;

b.     Whether the FLSA and Washington Class Members were exempt from overtime;

c.     Whether RCS's straight time for overtime compensation practice met the salary basis test;

d.      Whether RCS's decision not to pay overtime to the FLSA and Washington Class Members was made in good faith; and

e.     Whether RCS's violation of the FLSA and Washington Wage Laws was willful.

76.     Weller's claims are typical of the FLSA and Washington Class Members since both have sustained damages arising out of RCS's illegal and uniform employment pay policy.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 11



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

77.     Weller knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

78.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

79.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

### JURY DEMAND

80.     Pursuant to F.R.C.P. 38, Weller demands a trial by jury.

### PRAYER

81.     WHEREFORE, Weller prays for relief as follows:

    a.     An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Class Members to permit them to join this action by filing a written notice of consent;

    b.     For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23 under Washington Wage Laws;

CLASS AND COLLECTIVE ACTION
COMPLAINT - 12

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

c.    Judgment against RCS awarding Weller and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

d.    An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

e.    All such other and further relief to which Weller and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: _/s/ Nicholas D. Kovarik_____
Nicholas D. Kovarik
WA Bar No. 35462
nick@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
509-321-5930 – Telephone
509-321-5935 – Facsimile

Michael A. Josephson
Texas Bar No. 24014780
mjosephson@mybackwages.com
Andrew Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com
Richard M. Schreiber
Texas Bar No. 24056278
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
Pro Hac Vice Forthcoming

CLASS AND COLLECTIVE ACTION
COMPLAINT - 13

1

2     **AND**

3     Richard J. (Rex) Burch
      Texas Bar No. 24001807
4     rburch@brucknerburch.com
      **BRUCKNER BURCH, PLLC**
5     8 Greenway Plaza, Suite 1500
      Houston, Texas 77046
6     713-877-8788 – Telephone
7     713-877-8065 – Facsimile
      Pro Hac Vice Forthcoming
8
9     **ATTORNEYS FOR PLAINTIFF**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE ACTION
COMPLAINT - 14



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935